## CLARK V. BRAY.

Under the plea of *non est factum,* the defendant may give anything in evidence which goes to the avoidance of the bond. Also, a writ directed to the sheriff may be served by his general or special deputy.

THE declaration was — That on the 29th day of April, A. D. 1786, the defendant was indebted to the treasurer of this state, in a sum of more than £1,000 lawful money, for state taxes, in his hands to collect of the inhabitants of the town of Southington, which he was unable to settle and pay; for which the town was finally responsible, and the selectmen immediately liable; and that the defendant, in

order to indemnify and save harmless said town, from said arrear of taxes, did make and execute to the plaintiff a certain bond obligatory.— Here the bond is recited at large, which appears to be in common form, for £1,000 to the plaintiff, as treasurer of said town, and his successors in office.— Then follows the condition, in these words:— "That whereas I, the said Bray, am now indebted on the state treasurer's warrants, for taxes against the town of Southington (of which, by said town, I was appointed collector for sundry years past) in considerable sums, to the amount, perhaps, of £1,000 or more, as may appear by the treasurer's books.— Now, if said Bray shall faithfully collect the remainder due on said rate bills, and pay the same to the state treasurer in a reasonable time, or in any other way satisfy the state treasurer, so as to indemnify and save the town harmless from any demand in the premises — then this obligation to be void," etc.— The declaration then alleges a nonperformance on the part of the defendant.

Under the plea of *non est factum*, Mr. Trumbull and Mr. Edwards, moved for leave to introduce evidence of duress.— They relied upon the statute of this state, for regulating pleas and pleadings, by which it is enacted — "That the general issue of not guilty, *nil debet*, no wrong or disseisin, or any other general plea proper to the action, whereby the whole declaration is put upon proof, according to the nature of the case, may be made by the defendant; under which general plea, the defendant shall have liberty, upon trial of the case, and such general issue, to give his title in evidence, or any other matter in his defense or justification, as the nature of the action may be; excepting only a discharge from the plaintiff, or his accord, or some other special matter, whereby the defendant, by the act of the plaintiff, is

Clark v. Bray.

saved or acquitted from the plaintiff's demand in the declaration."

Mr. Judd and Mr. Root, opposed the motion.    But,

By the COURT.    Under this plea, the defendant may exhibit proof of anything which goes to the avoidance of the bond; for it is not within the exception of the statute.

It appeared in evidence — That the treasurer of the state had issued an execution against the defendant, for the arrear of state taxes, on the bills in his hands, as collector for the town of Southington, directed to the sheriff of Hartford county only.    The sheriff deputed Simeon Newel, an inhabitant of Southington, to levy this execution.    Newel, by virtue thereof, arrested Bray the defendant, and held him in custody, until he executed the bond in question.

The defendant's counsel made two points in the defense:—

1. That the treasurer's execution, being directed to the sheriff only, without any mention of his deputy, could not legally be served but by the sheriff in person; therefore, the arrest by Newel was illegal and void, and the bond obtained by unlawful compulsion, consequently not binding.

2. That if the sheriff had a right to depute, the deputation in the present case was unlawful; for that Newel being an inhabitant of the town of Southington, was responsible to the treasurer, in case of Bray's failure; and therefore stood in the situation of a creditor to Bray; and that the law never permits creditors to become their own bailiffs.

The jury found a verdict for the defendant; on which the court unanimously delivered the following opinions:

By the common law of England, all writs directed to the sheriff may be executed by his general or special deputy:

And there is no diversity between the English and our law in that respect; the mode of return only is different.—What the sheriff does by his deputy is done by himself.    If the writ be directed to the sheriff, it may be served by his general or special deputy, though they be not particularly described in the direction; and that, whether it be a writ of execution or *mesne* process.    The power of the sheriff in either case, to depute, is incident to his office, and cannot be restrained, unless by positive statute.— See Bacon's Abrid. 4 vol. tit. Sheriff; Cowper's Reports, 403, 404, 407; 1 Black. Com. 116, 339; 1 Salk. 12, 95, 96; Holt's Reports, 221; Hobart, 12, 13; Wood's Inst. 74, 77, 78; 2 Black. Reports, 332.

In regard to the second point — It was undoubtedly the duty of the sheriff to depute a fit person; yet the same degree of interest will not disqualify a person for acting ministerially, as will for acting judicially.    So remote, and minute an interest, as in the present case, did not disqualify Newel for this service.    The taxes of every town are by law collectible by one of its own inhabitants; and the treasurer's warrant to the sheriff is good against the collector of his own town, where he has the same interest as Newel had in this case.    The service of the execution, therefore, in either point of view, was legal, and there was not duress to avoid the bond.